UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENISE DIANE MANIGAULT-SPEAKS,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF HEALTH and HUMAN SERVICES, a federal government agency; THE CENTER FOR DISEASE CONTROL AND PREVENTION, a federal government sub agency of the UNITED STATES DEPARTMENT OF HEALTH and HUMAN SERVICES; SHERRI BERGER, an individual and employee of The Center For Disease Control and Prevention; DALE DeFILIPS, an individual and employee of The Center For Disease Control and Prevention; TERRY-LYNN RHETT - RAINEY, an individual and employee of The Center For Disease Control and Prevention; DEBRA ROBERTS, an individual and employee of The Center For Disease Control and Prevention; ERIC LYONS, an individual and employee of The Center For Disease Control and Prevention; CYNTHIA CROOKS, an individual and employee of The Center For Disease Control and Prevention; and WHITNEY WARREN, an individual and employee of The Center For Disease Control and Prevention;<br><br>   Defendants. | Case: 1:19-cv-02529  JURY DEMAND<br>Assigned To : Jackson, Amy Berman<br>Assign. Date : 8/21/2019<br>Description: Employ. Discrim. (H-DECK)<br><br>FOR RETALIATION BASED UPON PRIOR PROTECTED ACTIVITIES<br>FOR HARASSMENT<br>FOR BREACH OF CONTRACT<br>FOR ADMINISTRATIVE VIOLATION OF PROCEDURAL DUE PROCESS<br>FOR ADMINISTRATIVE VIOLATION OF SUBSTANTIVE DUE PROCESS<br>FOR ADMINISTRATIVE ABUSE OF PROCESS<br>FOR VIOLATION OF FEDERAL WHISTLE BLOWER PROTECTION STATUTE<br>FOR MISREPRESENTATION AND DECEIT<br>FOR INTENTIONAL INFLECTION OF EMOTIONAL DISTURBANCE<br>FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTURBANCE<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

/ / /

/ / /

/ / /

RECEIVED
AUG 21 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1  Denise Diane Manigualt-Speaks, hereinafter referred to as "Speaks", hereby complains and alleges against the United States Department of Health and Human Services, a federal government agency, Sherri Berger, an individual, hereinafter sometimes referred to as "Berger"; Dale DeFilips, an individual, hereinafter sometimes referred to as "DeFilips"; Terry-Lynn Rhett-Rainey, an individual, hereinafter sometimes referred to as "Rhett"; Debra Roberts, an individual, hereinafter sometimes referred to as "Roberts"; Eric Lyons, an individual, sometimes hereinafter referred to as "Lyons"; Cynthis Crooks, an individual, hereinafter sometimes referred to as "Crooks; and Whitney Warren, an individual, hereinafter sometimes referred to as "Warran"; Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney are hereinafter sometimes collectively referred to as HHS; The Center for Disease Control and Prevention, a federal government sub agency of The Department of Health and Human Services, hereinafter sometimes referred to as the "CDC", for Retaliation based upon Prior Protected Activities, under Title VII; Harassment, Breach of Contract, Administrative Violation of Procedural Due Process; Administrative Violation of Substantive Due Process; Administrative Abuse of Process; violation of Federal Whistle Blower Protection Statute; Misrepresentation and Deceit; Intentional Infliction of Emotional Distress; Negligent Infliction of Emotional Distress, as follows:

## I. Jurisdiction and Venue

1. This action seeks a permanent injunction, declaratory judgment, and such other relief to redress past deprivation by the HHS and their employees and agents under color of law, statute, ordinance, regulation, custom and usage, of rights, privileges and immunities secured to Speaks under United States Constitution, amendments thereto, federal statute and common law.

2. This action seeks to restrain defendants, and each of them, from intentionally engaging in the unlawful employment practices against Speaks on the basis of retaliation based upon prior protected activities, harassment, breach of contract, administrative violation of procedural and substantive due process, administrative abuse of process, violation of federal whistle blower protection, misrepresentation and deceit, intentional inflection of emotional disturbance, and negligent infliction of emotional disturbance, as appears more fully hereinafter.

3. This Action further seeks monetary damages in the form of general damages, special damages, exemplary damages, compensatory damages, damages for pain and mental anguish, and such other and further damages as this Court deems just in the premises.

4. Speaks alleges that jurisdiction is invoked pursuant to *28 U.S.C. §§ 1331, 1346, 1361, 2201, and 2202*. In addition, jurisdiction is invoked pursuant to *42 U.S.C.A. § 2000e 3(a), Title VII. Civil Rights Act of 1964, § 704(a); 42 U.S.C. § 2000 e-5, Title VII of the Civil Rights Act of 1964, Civil Service Reform Act of 1978, Age Discrimination in Employment Act*, and the *Civil Rights Act of 1866*, and the *Constitution of the United States*.

5. Speaks alleges that venue is proper in this Court as one or more of the defendants is a federal agency or sub agency which is located through their primary place of business within the jurisdiction of this Court or are doing business within the jurisdiction of this Court or are employed by an entity which is located and, or doing business within the jurisdiction of this Court.

6. Speaks alleges that the events and transactions alleged herein in connection with Speaks allegations as set forth herein by and through the conduct and actions of HHS, CDC, Berger, DeFilips, Rhett, Roberts, Lyons, Crooks and Warren, occurred on and at various facilities under the sole control of H.H.S and, or CDC at or in and about Washington, District of Columbia and, or Atlanta, Georgia..

7. Speaks alleges that HHS, CDC, Berger, DeFilips, Rhett, Roberts, Lyons, Crooks and Warren, jointly and, or severally owe her an amount in excess of seventy five thousand ($75,000.00) dollars not counting interest and cost of court based upon Speaks loss of income, benefits, pain, suffering and mental anguish and such other and further damages as alleged herein.

/ / /

/ / /

/ / /

/ / /

/ / /

## II. Condition Precedent

8. Speaks alleges that within the time prescribed by statute, Speaks initiated proceedings before the Equal Employment Opportunities Commission and exhausted her administrative remedies before the United States Department of Health and Human Services and the Center for Disease Control and Prevention against HHS for retaliation based upon prior protected activities, under *Title VII*; harassment, breach of contract, administrative violation of procedural due process; administrative violation of substantive due process; and for violation of federal whistle blower protection statute; ninety (90) days prior to the filing of this action.

## III. Demand for Jury Trial

9. Plaintiff demands trial by jury on all issues so triable.

## IV. The Parties

10. Speaks, an individual, is a female African American, of more than sixty five (65) years of age, formerly employed by the CDC, with an effective date of hire by CDC of March 4, 2016. Plaintiff is, and at all times mentioned herein was, a member of a protected class. At all times relevant hereto, Plaintiff was employed by the CDC as a Executive Resource Specialist in Atlanta, Georgia, hereinafter referred to as the "place of employment". Plaintiff is a citizen of the United States of America and a resident of the City of Atlanta, State of Georgia.

11. Speaks alleges that H.H.S. the Department of Health and Human Services, was created as the Department of Health, Education, and Welfare on April 11, 1953 (5 U.S.C. app.). HHS is the Cabinet-level department of the federal executive branch.

///
///
///
///

12. Speaks alleges that the Communicable Disease Center was founded July 1, 1946, as the successor to the World War II Malaria Control in War Areas program of the Office of National Defense Malaria Control Activities. It became the National Communicable Disease Center (NCDC) effective July 1, 1967. The organization was renamed the Center for Disease Control (CDC) on June 24, 1970, and Centers for Disease Control effective October 14, 1980. An act of the United States Congress appended the words "and Prevention" to the name effective October 27, 1992.

13. Berger is, and at all times herein was, an employee of CDC at Atlanta, Georgia, its Chief Operating Officer and general supervisor for the position of Executive Resource Specialist.

14. DeFilips is, and at all times herein was, and employee of CDC at Atlanta, Georgia, and Speaks' prior supervisor when she was employed by CDC, in the Procurement and Grants Office, and filed her prior claim for relief.

15. Rhett is, and at all times herein was, an employee of CDC at Atlanta Georgia and its Program Management Officer, Hiring Manager and supervisor of the Executive Resource Specialist.

16. Warren is, and at all times herein was, an employee of CDC at Atlanta, Georgia and its Associate Director of Management, reporting to Rhett.

17. Lyons is, and at all times herein was, an employee of CDC at Atlanta, Georgia in the capacity of Contracts Specialist.

18. Roberts is, and at all times herein was, an employee of CDC, at Atlanta Georgia as its Equal Employment Opportunities Manager.

19. Crooks is, and at all times herein was, an employee of CDC at Atlanta, Georgia.

///
///
///

## V. Factual Statement of Claims

20. Speaks as and for factual allegations re alleges and incorporates herein each and every allegation contained in paragraph 1 through paragraph 18., of this complaint as though set forth at length herein.

21. Speaks alleges that within three (3) years of the incidents complained of herein she engaged protected conduct with regard to employment at CDC, which pertained to it's discriminatory and legally prohibited conduct towards her as an employee resulting in a determination in her favor and against CDC and another co-employer, North American Management by the EEOC within that time. Speaks also actively and openly assisted CDC employee, Sparkle Garyson Bussiereth, with her complaint of discrimination and retaliation against the CDC by participating as a witness and submitting an affidavit which corroborated Bussiereth's allegations of misconduct by CDC management and employees which resulted in a EEOC for cause determination against the CDC for discrimination and retaliation.

22. Speaks alleges that CDC retained an institutional, administrative and individual knowledge of her prior allegations of discrimination and illegal conduct against CDC and used its first opportunity to seek, and obtain, retribution against Speaks through retaliation against her by unlawfully terminating her employment, for which she was qualified, and for which it had retained her services as a qualified employee when it was not aware of her identity.

23. Speaks, alleges that she has earn the academic degrees of B.A., M.B.A., and J.D., worked as a human resources executive and employment and labor attorney for various state and federal governmental agencies, worked as in house legal council for several multinational corporations, been employed as in house council for a prestigious academic institution since the early 1980s, in and about January, 2016, determined that she met the minimum requirements, set forth in the job description posted by CDC, that she qualified for the position of "Executive Resource Specialist".

/ / /

/ / /

/ / /

/ / /

24. Speaks alleges that in and about the second (2nd) week of January, 2016, she interviewed for the position of Human Resources Professional with TACG. That on or about January 21, 2016, she obtained a written "contingent offer" for the Human Resources Professional position, from TACG, which was contingent upon Speak's obtaining a satisfactory background check by TACG, and TACG's obtaining a contract award for the position.

25. Speaks alleges that on or about January 25, 2016, TACG notified her that her background check had been successfully completed. The only contingency remaining was CDC's acceptance of TACG's employment recommendation, which TACG had forwarded to CDC, and which recommendation of employment only contained Speaks' resume as the sole candidate for the Human Resources Professional position. Subsequently, TACG advised her that CDC had hired her for the position and approved her counter offer regarding increased salary and benefits.

26. Speaks alleges that on or about March 4, 2016, TACG contacted Speaks by email and telephone to advise her that the CDC requested that she commence employment with CDC immediately. That on or about March 4, 2016, Speaks advised TACG and CDC that she would commence work on March 8, 2016.

27. Speaks alleges that on or about March 4, 2016, she ceased all efforts to procure permanent professional employment, foregoing other employment opportunities equal and, or superior to the employment offered by CDC.

28. Speaks alleges that the employment process between TACG, and CDC, was confidential where Speaks identity remained secret until after employment by CDC. When CDC employed Speaks and discovered her identity it initiated a deliberate regimen of stonewalling Speaks regarding her status as an employee, engage in various delay tactics and gamesmanship pertaining to Speaks employment with CDC.

29. Speaks alleges that on or about March 9, 2016, CDC became aware of Speaks' identity, after which discovery Speaks continued to work for CDC for approximately three (3) weeks when CDC fabricated a determination to the effect that Speaks did not have the qualifications for the position of "Human Resources Professional".

/ / /

/ / /

30. Speaks alleges that on or about March 22, 2016, her employment with CDC was wrongfully terminated by CDC based upon her prior protected activities at CDC over the prior three (3) year period.

31. Speaks alleges that CDC's premise for her termination was fabricated by CDC after it discovered her identity. That CDC's assertion that Speaks lacked specific C.D.C. experience handling Title 42 matters and therefore did not qualify for the position of Human Resource Professional was specious. That this requirement was not specified in CDC's original posting for the position of Human Resources Professional nor was it set forth in any job posting for the position or in the initial contract (SOW) between the CDC and TACG.

32. Speaks alleges that the change in job qualifications by CDC was made after she commenced employment with CDC for the sole purpose of illegally creating and thus illegally justifying Speaks termination, and that this amendment was made to a new SOW and a new job posting after CDC learned of her identity and that the modification of the SOW to include this new requirement was intentionally done by CDC for the sole purpose of excluding Speaks as being eligible for the position of "Human Resources Professional" in reprisal for her filing of past discrimination and retaliation complaints against the CDC and assisting others to do the same.

33. Speaks alleges that CDC by and through Robert Meddler also told her that she was terminated because of her lack of executive recruitment experience, in general.

34. Speaks alleges that CDC provided the explanation set forth in paragraph 32., in a feeble and intentionally deceptive attempt to rationalize its retaliatory termination of Speaks.

35. Speaks is informed, believes and on such information and belief alleges that her termination was wrongful and prohibited at law.

///
///
///
///

## First Count

### For Retaliation Based upon Prior Protected Activities

### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

36. Speaks, as and for a First Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for retaliation based upon prior protected activities, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 35.

37. Speaks alleges that the conduct of HHS, CDC, Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, as alleged herein above, constitutes retaliation against Speaks because she engaged in activities protected by Title VII. The stated reasons for the conduct of HHS, CDC, Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney are not the true reasons for that conduct, but instead were pretexts by HHS, CDC, Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, to hide their retaliatory animus.

38. Speaks alleges that HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them posted for employment the position of "Executive Resource Specialist" carefully specifying the minimum educational and work experience requirement for any candidate desiring to be considered for that position.

39. Speaks alleges that she determined that she met and exceeded the educational and job experience requirements for the position and applied for it through TACG through an employment process which maintained the confidentiality of her identity until she was hired.

40. Speaks alleges that once the CDC discovered Speaks identity, it and Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney engaged in un permitted and illegal conduct as set forth herein to disqualify Speaks from the position by illegally, falsely and fraudulently changing the job specifications to justify dismissing Speaks from employment for no purpose other than to retaliate against her for prior legal and permitted activities.

/ / /

/ / /

41. Speaks alleges that as a result of the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of three million five hundred thousand ($3,500,000.00) dollars or according to proof at the time of trial.

42. Speaks alleges that the conduct of HHS, CDC, Berger, HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

## Second Count

### For Harassment

**(Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)**

42. Speaks, as and for a Second Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for harassment, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 41.

43. The conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, as alleged above constitutes harassment in violation of Title VII, of the Civil Rights Act of 1964 and, or the Civil Service Reform Act of 1978. The stated reasons for HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's, conduct were not the true reasons, but instead were a pretext to hide HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's animus against Speaks for her prior conduct.

44. The conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitneyas alleged herein were all to plaintiff's damage in the amount of two million five hundred thousand ($2,500.000.00) dollars, or in such amount established according to proof at the time of trial, Speaks believes that HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's conduct as alleged herein was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of plaintiff, and entitle plaintiff to an award of punitive damages according to proof at the time of trial.

## Third Count

## For Breach of Contract

### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

45. Speaks, as and for a Third Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for breach of contract, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1, through paragraph 44.

46. Speaks alleges that on or about March 9, 2016, CDC entered into a written contract of employment with her upon the acceptance of her qualifications for the position of Executive Resource Specialist.

47. Speaks alleges that by CDC's contract of employment with her she had a reasonable expectation of continued employment based upon satisfactory performance at the salary and with the benefits negotiated between Speaks and CDC, which salary and benefits were in excess of the salary and benefits originally offered by CDC, and which were a condition of her acceptance of employment with CDC.

48. Speaks alleges that she performed all of the terms, conditions, covenants, promises and requirements for the position for which she was hired, except such terms, conditions, covenants, promises and requirements she was prevented from performing due to the illegal intervention and interference of CDC.

49. Speaks alleges that CDC, through the acts, conduct, fraud and misrepresentations of Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, individually or in combination with one or more of them or others, breached the Speaks employment agreement with CDC by failing and refusing to perform CDC obligations due to be performed by CDC towards Speaks, in good faith by falsely and fraudulently manufacturing pretext for Speaks' unlawful termination of employment with CDC.

///

///

///

50.  Speaks alleges that as a result of the illegal breach of Speaks employment contract with CDC by CDC through Berger, HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, that Speaks is suffering monetary damages in an amount equal to her salary and benefits for a period of time reasonably calculated to reasonably approximate her expected term of employment and that the sum of that amount is now due, owing, and unpaid to Speaks. Demand has been made on CDC and Berger, HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, for payment but CDC, Berger, HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them have failed and refused and continue to fail and refuse, to pay the sum demanded by plaintiff.

51.  CDC, Berger, HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, have therefore breached CDC's written contract with Speaks who has been damaged thereby in the sum according to proof at the time of trial.

### Fourth Count

### For Violation of Procedural and Substantive Due Process

### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

52.  Speaks, as and for a Fourth Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for breach of violation of procedural due process, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 51.

53.  Speaks alleges that her termination by HHS's and, or CDC's was an adverse action and a prohibited personnel practice termination in violation of HHS's and CDC's internal rules and regulations, as well as the rules and regulations pertaining to, and governing the rights of, federal employees which specify that employees are entitled to written notice and specification of reasons for disciplinary action subjecting them to termination and a right to appeal any decision by HHS and, or CDC to terminate their services regardless of whether they are probationary or permanent employees.

///

54. Speaks alleges that federal rules and regulations not only prohibit discrimination in termination on the basis of discrimination but also on the basis of engaging in a protected activity.

55. Speaks alleges that her termination was without written notice or explanation, or an opportunity to be heard prior to her termination, which was premised upon her engagement in protected activities within three (3) years of that termination and deprived her of her right to appeal the decision thereby denying her of substantive as well as procedural due process all in violation of Speaks constitutionally protected interest in her continued employment.

56. Speaks alleges that no matter what her federal employee classification she was, or by what agency she was employed, she had the right to appeal HHS's and, or CDC's decision to terminate her employment if the HHS and, or CDC violated the law in terminating her employment.

57. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of three million five hundred thousand ($3,500,000.00) dollars or according to proof at the time of trial.

58. Speaks alleges that the conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

### Fifth Count
### For Violation of Federal Whistle Blower Protection Statute
### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

59. Speaks, as and for a Fifth Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for Violation of Federal Whistle Blower Protection Statute, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 56.

///

60. Speaks alleges that federal law protects federal employees who have been retaliated against for properly reporting violation law, gross mismanagement of an agency, an abuse of authority, or a substantial and specific danger to the public health and safety.

61. Speaks alleges that she is a person who is considered to be a "whistle blower" because she is an employee and, or former employee of the CDC; has specific knowledge of a violation of law or regulation by the HHS and, or CC, knowledge of gross mismanagement of HHS and, or CDC, knowledge of an abuse of authority by HHS and, or CD and their employees.

62. Speaks alleges that she reported the information to an employee designated by an agency head to receive such disclosures.

63. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of four million five hundred thousand ($4,500,000.00) dollars or according to proof at the time of trial.

64. Speaks alleges that the conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

### Sixth Count

### For Misrepresentation and Deceit

(Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

65. Speaks, as and for a Sixth Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for Intentional Misrepresentation, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 64.

///

66. Speaks alleges that CDC and Berger, HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, represented to her that her counter offer for employment was accepted, that she qualified for employment in the position of Executive Resource Specialist and that she was a permanent employee of CDC.

67. Speaks alleges that the representations made by CDC Berger, Defilips. Rhett, Roberts. Lyons, Crooks and Whitney, and each of them were false; that CDC, Berger; Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, knew that the representations were false when it was made, or that CDC ,Berger; HHS,, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, made the representations recklessly and without regard for their truth; and that CDC, Berger; Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, intended that Speaks rely on the representations.

68. Speaks alleges that her reliance on CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's representations was a substantial factor in causing her harm.

69. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; HHS, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of two million two hundred thousand ($2,200,000.00) dollars or according to proof at the time of trial.

70. Speaks alleges that the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

///
///
///
///
///
///
///
///

## Seventh Count

### For Intentional Infliction of Mental Disturbance

### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

71. Speaks, as and for a Seventh Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for Intentional Infliction of Emotional Distress, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 70.

72. Speaks alleges that the actions and, or conduct of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney were extreme and outrageous and that CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney acted intentionally and, or recklessly causing speaks severe emotional distress.

73. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of one million three hundred thousand ($1,300,000.00) dollars or according to proof at the time of trial.

74. Speaks alleges that the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

## Eighth Count

### For Negligent Infliction of Mental Disturbance

### (Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

75. Speaks, as and for a Eighth Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for Intentional Infliction of Emotional Distress, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 74.

///

76. Speaks alleges that the conduct of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, as alleged herein, towards her was negligent; and that negligent conducted created an unreasonable risk of physical harm to Speaks, causing Speaks to be in fear of her own safety.

77. Speaks alleges that she suffered physical injury and, or was in the "zone of danger" created by the negligent conduct of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and that her fear had physical consequences and, or long-continued emotional disturbance; and that the conduct of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, were the cause of her injuries and damages.

78. Speaks alleges that as a result of the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of one million three hundred thousand ($1,300,000.00) dollars or according to proof at the time of trial.

79. Speaks alleges that the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

### Ninth Count
### For Civil Conspiracy
(Against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney)

80. Speaks, as and for a Sixth Count, against HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, for Intentional Misrepresentation, hereby realleges and incorporates herein, as though set forth at length, each and every allegation contained in paragraph 1. through paragraph 79.

81. Speaks alleges that she was harmed by CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, when they fraudulently and, or deceitfully fabricated facts to assert that she did not satisfy the minimal requirements for the position of Executive Resource Specialist for which she was hired.

82. Speaks alleges that CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, are responsible for the harm caused to her because they were part of a conspiracy to commit fraud and, or deceit because two or more, or they each, in combination one with the other, working towards the same objective entered into an agreement and, or acted in concert to commit a wrongful act.

82. Speaks alleges that CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney entered into a oral and, or written agreement or an agreement which may be implied by the conduct of the parties.

83. Speaks alleges that the fraud and, or deceit of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney harmed her and that Speaks was not responsible for the harm.

84. Speaks alleges that CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them was aware of the acts and conduct of each other, that all of them, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and others, planned to fraudulently and, or deceitfully changed the qualifications required for the position of Executive Resource Specialist, after Speaks was hired for the position and claim that a clerical error had occurred and that Speaks did not meet the qualifications for the position and, or did not have the requisite experience for the position.

85. Speaks alleges that CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them agreed with CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them one with the other and with others, cooperated, one with the others, with the intent that the fraud and deceit regarding the job description and qualifications and experience requirements be changed after Speaks had been hired for the position.

86. Speaks alleges that the conspiracy of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney in wrongfully and illegally effecting Speaks' termination from employment with CDC.

///

87. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of one million five hundred thousand ($1,500,000.00) dollars or according to proof at the time of trial.

88. Speaks alleges that the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

### VI. Certification and Closing

90. Under Federal Rule of Civil Procedure 11, by signing below, I, Denise Speaks certify that to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### VII. For Parties Without an Attorney

91. I agree to provide the Clerk's Office with any changes to my address, where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: August 19, 2019          By: _____
                                 Denise Diane Manigault-Speaks
                                 *In Propria Persona*
                                 Post Office Box 1704
                                 Decatur, Georgia
                                 Zip Code 30031
                                 Email: ddspeaks1@aol.com
                                 Telephone: 703 395 9045
                                 Facsimile: 413 826 8836

87. Speaks alleges that as a result of the conduct of HHS, CDC, Berger; Defilips, Rhett, Roberts, Lyons, Crooks and Whitney, and each of them, she has been damaged in the amount of one million five hundred thousand ($1,500,000.00) dollars or according to proof at the time of trial.

88. Speaks alleges that the conduct of HHS, CDC, Berger, Defilips, Rhett, Roberts, Lyons, Crooks and Whitney's was willful, wanton, malicious, and done in reckless disregard for the well-being of Speaks, and entitle Speaks to an award of punitive damages according to proof at the time of trial.

## VI. Certification and Closing

90. Under Federal Rule of Civil Procedure 11, by signing below, I, Denise Speaks certify that to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## VII. For Parties Without an Attorney

91. I agree to provide the Clerk's Office with any changes to my address, where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: August 19, 2019    By: _____
                          Denise Diane Manigault-Speaks
                          *In Propria Persona*
                          Post Office Box 1704
                          Decatur, Georgia
                          Zip Code 30031
                          Email:
                          Telephone: 703 395 9045
                          Facsimile: 413 826 8836