**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| DENISE DIANE ) | |
| MANIGAULT-SPEAKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-2529 (ABJ) |
| ) | |
| UNITED STATES ) | |
| DEPARTMENT OF ) | |
| HEALTH AND HUMAN ) | |
| SERVICES, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## <u>MEMORANDUM OPINION</u>

*Pro se* plaintiff Denise Diane Manigault-Speaks has brought this action against defendants, Alex Azar, Secretary of the United States Department of Health and Human Services ("HHS"); Robert Redfield, Executive Director of the Centers for Disease Control and Prevention ("CDC"); HHS employee Cynthia Crooks; and CDC employees Sherri Berger, Dale DeFilipps, Terry-Lynn Rhett-Rainey, Debra Roberts, Eric Lyons, and Whitney Warren (collectively, "defendants"). Am. Compl. [Dkt. # 2]. Plaintiff alleges that she was wrongfully terminated from her job as an Executive Resource Specialist at the CDC's headquarters in Atlanta in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"). *See* Am. Compl. ¶ 21, 9–10. She also alleges that defendants committed a number of torts and other statutory violations when she was terminated. Am. Compl. at 11–22.

Pending before the Court is defendants' motion to dismiss or, alternatively, to transfer plaintiff's Title VII claims to the Northern District of Georgia. Defs.' Mot. to Dismiss, or, Alternatively, to Transfer [Dkt. # 8] ("Defs.' Mot."); Defs.' Mem. of P. & A. in Supp. of Defs.'

Mot. [Dkt. # 8-1] ("Defs.' Mem.").  For the following reasons, the Court will grant defendants' motion to dismiss the individual employee defendants as well as plaintiff's non-Title VII claims, and it will transfer plaintiff's Title VII claims to the Northern District of Georgia.

## BACKGROUND

Plaintiff alleges that before 2016, she was "co-employed" by the CDC and North American Management in Atlanta, Georgia.  Am. Compl. ¶¶ 10, 21.  She does not describe what her position was with these employers; nor does she state when her employment began.  But she alleges that, at some point during that time, she "actively and openly assisted" a fellow employee file a discrimination and retaliation complaint against the CDC, and she "participat[ed] as a witness and submit[ed] an affidavit which corroborated [the employee's] allegations of misconduct by CDC management []."  Am. Compl. ¶ 21.  Eventually, the Equal Employment Opportunity Commission ("EEOC") issued a decision against the agency for unlawful discrimination and retaliation.  Am. Compl. ¶ 21.

In January of 2016, plaintiff applied for the position of "Executive Resource Specialist" within the CDC.  Am. Compl. ¶¶ 10, 23.  A few weeks later, plaintiff was interviewed for the job, and she received an offer of employment from TACG, LLC, a contracting agency, contingent upon a satisfactory background check and approval from the CDC.  Am. Compl. ¶¶ 24–25.  On January 25, 2016, plaintiff learned that she passed the background check and that the CDC had accepted her employment.  Am. Compl. ¶ 25.  Plaintiff alleges that this entire process was conducted anonymously, and that the CDC was unaware of her identity.  Am. Compl. ¶ 28.

Plaintiff commenced her new role as Executive Resource Specialist on March 8, 2016.  Am. Compl. ¶ 26.  Plaintiff alleges that on March 9, 2016, the CDC learned of her identity, and subsequently "initiated a deliberate regimen of stonewalling . . . delay tactics and gamesmanship"

surrounding her employment status.  Am. Compl. ¶¶ 28–29.  About three weeks later, on March 22, plaintiff was terminated.  Am. Compl. ¶ 30.  She alleges that the CDC premised her termination on her lack of "executive recruitment experience" and "experience handling Title 42 matters," Am. Compl. ¶¶ 31, 33, but that these qualifications were not listed as requirements in the initial job posting, nor were they terms of her employment contract.  Am. Compl. ¶ 31.

Plaintiff contends that the real reason for the termination was that she had participated in EEOC complaints against the CDC "over the prior three (3) year period."  Am. Compl. ¶¶ 21, 22, 29, 30, 32.  She alleges that the executive recruitment and Title 42 experience she was told she lacked were only added to the job description when the position was reposted after her termination. Am. Compl. ¶ 32.  Plaintiff characterizes this new job description as an intentional act by the CDC to exclude her from qualifying for the position and to justify her termination retroactively.  Am. Compl. ¶ 32.

Plaintiff filed this lawsuit on August 21, 2019.  Compl. [Dkt. # 1].  She alleges that defendants' conduct throughout the hiring and firing process constitutes unlawful "willful, [and] wanton" retaliation and harassment in violation of Title VII, and she seeks $6 million in punitive and compensatory damages.  Am. Compl. ¶¶ 36–44.  The complaint includes a host of other claims: breach of contract and breach of implied contract; violation of procedural and substantive due process rights guaranteed by the Fifth Amendment of the U.S. Constitution; violation of the Whistleblower Protection Act; misrepresentation and deceit; intentional infliction of emotional distress ("IIED"); negligent infliction of emotional distress ("NIED"); civil conspiracy; and negligence.  Am. Compl. at 9–23.

On April 10, 2020, defendants moved to dismiss plaintiff's claims for lack of subject matter jurisdiction, improper venue, and failure to state a claim upon which relief can be granted pursuant

to Federal Rules of Civil Procedure 12(b)(1), (3), and (6).  Defs.' Mem. at 1.  Alternatively, they request that the Title VII claims be transferred to the Northern District of Georgia, since that was the place of plaintiff's employment.  Defs.' Mem. at 2, 10–12.  Plaintiff opposed the motion, *see* Pl.'s Opp. to Defs.' Mot. [Dkt. # 11] ("Pl.'s Opp."), and defendants replied in support of their motion.  *See* Defs.' Reply to Pl.'s Opp. [Dkt. # 13] (Defs.' Reply).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence.  *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217 F. Supp. 2d 59, 63 (D.D.C. 2002). Federal courts are courts of limited jurisdiction, and the law presumes that "a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction.").  "[B]ecause subject-matter jurisdiction is 'an Art[icle] III as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003), quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

When considering a motion to dismiss for lack of jurisdiction, unlike when deciding a motion to dismiss under Rule 12(b)(6), the court "is not limited to the allegations of the complaint." *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987).  Rather, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000), citing *Herbert v. Nat'l*

*Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992); *see also Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## ANALYSIS

**I.    Plaintiff's contract, tort, constitutional, and other statutory claims are preempted by her Title VII claims and therefore must be dismissed.**

Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976); *see Coulibaly v. Pompeo*, 318 F. Supp. 3d 176, 185 (D.D.C. 2018), quoting *Hamilton v. District of Columbia*, 720 F. Supp. 2d 102, 110 (D.D.C. 2010) (federal employees "must bring discrimination claims against their employers under Title VII"). "Where the same set of facts supports a Title VII claim and a non-Title VII claim against a federal employer, the Title VII claim preempts the non-Title VII claim." *Coulibaly*, 318 F. Supp. 3d at 185, quoting *Bergbauer v. Mabus*, 810 F. Supp. 2d 254, 260 (D.D.C. 2011) (internal quotations omitted). Title VII's preemptive effects apply to constitutional claims, common law tort and contract claims, and actions arising under other federal statutes. *See Ramey v. Bowsher*, 915 F.2d 731, 734 (D.C. Cir. 1990); *see also Kizas v. Webster*, 707 F.2d 524, 542 (D.C. Cir. 1983); *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 130–31 (D.D.C. 2016).

Plaintiff brings her first two claims for retaliation and harassment (Counts I and II) under Title VII. Am. Compl. ¶¶ 36–44. She alleges that the CDC terminated her employment contract after it learned of her identity and involvement in prior EEOC complaints against the agency. *See* Am. Compl. ¶¶ 22–31. According to plaintiff, this conduct constitutes a violation of Title VII's prohibition on retaliating against employees based on protected behavior. Am. Compl. ¶¶ 36–37. Plaintiff further contends that the explanations she was given throughout the firing process were pretextual or "fabricated," *see* Am. Compl. ¶ 29, and that the agency purposefully engaged in "stonewalling . . . delay tactics and gamesmanship," including changing the nature of the job

description to exclude her from qualification.  *See* Am. Compl. ¶¶ 28–32.  Plaintiff contends that these alleged tactics constitute harassment under Title VII.  *See* Am. Compl. at 10.

The very same set of circumstances forms the basis for the rest of plaintiff's non-Title VII claims.  In the contract claims, Counts III and IV, plaintiff alleges that defendants breached her employment contract by not performing their obligations, and for "falsely and fraudulently manufacturing [the] pretext" for her termination.  Am. Compl. ¶¶ 49, 56–58.  She also alleges that defendants committed "fraud and misrepresentation[]" when they allegedly fabricated the reasons for her dismissal.  *See* Am. Compl. ¶¶ 49, 56.  The second contract claim alleges that the individual defendants entered into an implied contract with her, and then breached an implied term of continued employment when they terminated her.  *See* Am. Compl. ¶¶ 55–56.  Thus, the contract claims are preempted by Title VII and must be dismissed.  *See Coulibaly*, 213 F. Supp. 3d at 131 (explaining that Title VII precludes plaintiffs from bringing common law contract claims arising out of the conduct giving rise to their Title VII claims).

Count V, brought under the Fifth Amendment, alleges that defendants violated her procedural and substantive due process rights when the CDC terminated her employment contract for engaging in protected activities "without written notice or explanation."  Am. Compl. ¶ 65; *see id*. ¶ 63 (alleging that her termination violated the agency's internal rules), ¶ 66 (alleging that plaintiff had the right to appeal the termination).  Count V must therefore be dismissed as well. *See Kizas*, 707 F.2d at 542 ("The Title VII remedy declared exclusive for federal employees in *Brown v. GSA* precludes actions against federal officials for alleged constitutional violations.").

All of plaintiff's tort claims – misrepresentation and deceit (Count VII); intentional infliction of emotional distress (Count VIII); negligent infliction of emotional distress (Count IX); civil conspiracy (Count X); and negligence (Count XI) – also arise out of the defendants' alleged

misconduct throughout the hiring and firing process.  *See* Am. Compl. at 16–22.  For example, plaintiff argues she is entitled to relief for misrepresentation and deceit because defendants "represented to her that her counter offer for employment was accepted, that she [was] qualified for employment in the position of Executive Resource Specialist and that she was a permanent employee of the CDC," knowing these statements were false.  Am. Compl. ¶¶ 76–77.  Similarly, defendants' inconsistent characterization of the job requirements for an Executive Resource Specialist at the CDC are the basis of plaintiff's civil conspiracy and negligence claims.  *See* Am. Compl. at 19–22.  Plaintiff alleges that defendants acted "in concert" to commit the "wrongful act" of misrepresenting the job requirements in the first instance and subsequently changing those requirements after her termination with the intention of excluding plaintiff from the position.  Am. Compl. ¶¶ 90–98.  Finally, plaintiff claims that defendants' behavior during the hiring and firing process caused her emotional distress.  Am. Compl. ¶¶ 81–89.  Thus, all of these claims must be dismissed as preempted by Title VII.  *See Ramey*, 915 F.2d at 734 (explaining that common law tort claims arising out of the same conduct as plaintiff's Title VII claims are preempted); *see also*

*Pueschel v. United States*, 369 F.3d 345, 353 (4th Cir. 2004) (dismissing negligent and intentional infliction of emotional distress claims as preempted by Title VII).[1]

The Court will therefore dismiss Counts III, IV, V, VII, VIII, IX, X, and XI as preempted by Title VII.

## II.   Plaintiff has failed to exhaust her administrative remedies for her Whistleblower Protection Act Claim.

In Count VI, plaintiff alleges a violation of the Whistleblower Protection Act ("WPA"). Am. Compl. ¶¶ 69–74.  She asserts that she reported instances in which HHS and CDC violated

---

1       Plaintiff argues that the tort claims are separate from the Title VII claims because they arose after she was terminated, and center around how the agency treated her during the administrative exhaustion process in the agency.  Pl.'s Opp. at 7.  To the extent that plaintiff's tort claims are premised upon facts separate than those underlying the Title VII claims, they must be dismissed for other reasons.  First, sovereign immunity bars the Court from reviewing plaintiff's misrepresentation and deceit claim, because the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity for these types of claims.  28 U.S.C. § 2680(h); *Block v. Neal*, 460 U.S. 289, 290 (1983).  Second, plaintiff has failed to exhaust her administrative remedies as to the other tort claims.  The FTCA requires that a plaintiff must bring her claims to the agency, and the agency must deny those claims, before she can file suit in court.  28 U.S.C. § 2675(a).  The D.C. Circuit has characterized this requirement as jurisdictional, *GAF Corp. v. United States*, 818 F.2d 901, 904 n.6 (D.C. Cir. 1987), and plaintiff does not allege that she has presented these tort claims to the CDC.  *See, e.g.*, *Totten v. Norton*, 421 F. Supp. 2d 115, 123 (D.D.C. 2006) ("Plaintiff, who bears the burden of establishing jurisdiction, has patently failed to demonstrate that he took the necessary steps to exhaust his administrative remedies with regard to these tort claims.").  Defendants also submit an affidavit from HHS, stating that it has no record of an FTCA claim from plaintiff.  Declaration of James C. Anagnos [Dkt. # 8-2] ¶ 3.  Thus, the tort claims must be dismissed for lack of jurisdiction for the separate grounds of sovereign immunity and failure to exhaust administrative remedies.

the law, and she was retaliated against for those disclosures, in violation of federal law.[2]  Am. Compl. ¶¶ 71–73.

"The WPA provides most federal agency employees with protection against agency reprisals for whistleblowing activity, such as disclosing illegal conduct, gross mismanagement, gross wasting of funds, or actions presenting substantial dangers to health and safety." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002), citing 5 U.S.C. § 2302(b)(8).  The procedures set forth in the WPA require that an employee must first bring her claim to the Office of Special Counsel ("OSC"), which will investigate the claim.  *Id.*, citing 5 U.S.C. § 1214.  If the OSC finds that the agency engaged in prohibited personnel action, as defined by § 2302, it will report its finding to the Merit Systems Protection Board ("MSPB"), and it will petition the MSPB on behalf of the employee, or the employee herself can bring an action before the MSPB.  *See id.*; 5 U.S.C. §§ 1221, 1214(a)(3).  The decision by the MSPB is appealable to the Federal Circuit. 5 U.S.C. § 7703.  "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistle blower cause of action brought directly before it in the first instance." *Stella*, 284 F.3d at 142.

Plaintiff has not alleged that this claim was brought before the OSC or the MSPB, *see generally* Am. Compl, and she does not assert that she pursued her administrative remedies in her

---

2       As it is set forth in the complaint, Count VI is largely based on the same facts that underlie her Title VII claims.  *See* Am. Compl. ¶¶ 69–74.  Thus, Title VII's preemptive effects would preclude a Court from reviewing this claim, because Title VII preemption applies to actions under other federal legislation.  *Kizas*, 707 F.2d at 542 ("[t]he Title VII remedy declared exclusive for federal employees" precludes actions under "other federal legislation"); *see Jones v. District of Columbia*, 879 F. Supp. 2d 69, 87 (D.D.C. 2015) (dismissing plaintiff's 42 U.S.C. § 1983 claim on the grounds of Title VII preemption).  And the misconduct plaintiff claims she revealed relates primarily to employment practices.  However, in plaintiff's opposition to the motion to dismiss, she states that she also reported the mishandling of government contracts within the Procurement Department of the CDC.  Pl.'s Opp. at 2.  Thus, because the basis of plaintiff's WPA claim is unclear, the Court will not dismiss it solely on the grounds of Title VII preemption.

opposition to the motion to dismiss.  *See generally* Pl.'s Opp.  Thus, plaintiff has failed to sustain her burden to show that this Court has jurisdiction to hear her claim.

Instead, she argues that she is not a federal employee, since she was jointly employed by a private company, and that therefore, she is not subject to the jurisdiction of the MSPB.  Pl.'s Opp. at 10, 12.  If that is the case, plaintiff would not be entitled to the protections of the WPA, since the law only applies to federal employees.  *See* 5 U.S.C. § 2302 *et seq*.  For all those reasons, then, the WPA claim will be dismissed.

**III.     This Court lacks jurisdiction over all named individual employee defendants.**

Because the Court does not have jurisdiction over plaintiff's contract, tort, constitutional, and WPA claims, the only claims remaining are the Title VII counts.  And, under Title VII, the only appropriate defendant is the head of the department, agency, or unit that employs plaintiff. 42 U.S.C. § 2000e-16(c); *see, e.g.*, *Webster v. Spencer*, 318 F. Supp. 3d 313, 317 (D.D.C. 2018), quoting *Coulibaly*, 213 F. Supp. 3d at 135 (internal quotations omitted) ("Title VII does not impose liability on individuals in their personal capacities.").

Thus, the only proper defendants in this case are Alex Azar in his official capacity as Secretary of HHS and Robert Redfield in his official capacity as Executive Director of the CDC. The other named defendants – Sherri Berger, Dale DeFilipps, Terry-Lynn Rhett-Rainey, Debra Roberts, Eric Lyons, Cynthia Crooks, and Whitney Warren – will be dismissed.  *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (dismissing claims brought against individual defendant in his personal capacity because he could not be liable for Title VII violations).

**IV.     This Court is an improper venue for plaintiff's Title VII claims, but justice requires they be transferred to the Northern District of Georgia.**

Defendants argue that venue in the District of Columbia is improper under Title VII, and thus the claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3).  Defs.'

Mem. at 9–10.  Federal Rule of Civil Procedure 12(b)(3) authorizes that the court to dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum.  Fed. R. Civ. P. 12(b)(3).  In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.  *2215 Fifth St. Assocs. v. U‑Haul Int'l, Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  But the court need not accept the plaintiff's legal conclusions as true.  *Id.*  To prevail on a motion to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's assertion of venue.  *Id.*

Venue in Title VII cases is governed by 28 U.S.C. § 2000e-5(f)(3).  *Taylor v. Shineski*, 13 F. Supp. 3d 81, 86 (D.D.C. 2014).  That provision states that a plaintiff bringing claims under Title VII may file:

> [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  "If the plaintiff brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C. § 2000e-5(f)(3), venue is improper."  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002).  The fourth basis for venue in the statute is considered "only when the defendant cannot be found within any of the districts provided for by the first three bases."  *Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009), quoting *Kendrick v. Potter*, Civil Action No. 06–122(GK), 2007 WL 2071670, at *3 (D.D.C. July 16, 2007) (internal quotations omitted).

The District of Columbia is not an appropriate venue for plaintiff's claims under any of these categories. The unlawful retaliation and harassment underlying plaintiff's Title VII claims took place at the CDC headquarters in Atlanta, Georgia. Am. Compl. ¶¶ 13–19, 24–35. Furthermore, plaintiff does not allege that the records pertaining to her hiring or termination are "maintained or administered" in the District of Columbia. Nor does plaintiff allege that absent defendants' alleged retaliation and harassment against her, she would have been stationed in Washington, D.C.

If a plaintiff files a case in the wrong district, that court may "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see Walden*, 629 F. Supp. 2d at 14–15 (transferring plaintiff's Title VII action to the Eastern District of Virginia because venue was appropriate there, and it was in the interests of justice to do so); *Darby*, 231 F. Supp. 2d at 278 (transferring *pro se* plaintiff's Title VII claims to a district court where Title VII venue is proper "[i]n the interest of justice").

The Court finds that it would be in the interests of justice to transfer this action to the Northern District of Georgia, the appropriate venue for plaintiff's Title VII claims. Plaintiff's complaint describes retaliation and harassment that occurred while she worked at the CDC headquarters in Atlanta, which is located within the Northern District of Georgia. *See* Am. Compl. ¶¶ 13–19, 24–35. Plaintiff also alleges that but for the Title VII violations, she would have continued working as an Executive Resource Specialist in Atlanta. Am. Compl. ¶¶ 26–32. The Northern District of Georgia satisfies both categories (1) and (3) of Title VII's venue provision and is the appropriate forum to hear her claims. *See* 42 U.S.C. § 2000-e5(f)(3). Therefore, the Court will transfer plaintiff's action to the Northern District of Georgia.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss will be granted in part and denied in part, and the Court will transfer plaintiff's remaining Title VII claims to the Northern District of Georgia.  Furthermore, plaintiff's motion for an CM/ECF password [Dkt. # 5] will be denied without prejudice to its renewal in the transferee court in accordance with its local rules.

A separate order will issue.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  September 21, 2020